Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
JOSEPH F. OFFENHAUSER (SBN 341362)
3638 American River Drive
Sacramento, California 95864
Telephone:     (916) 978-3434
Facsimile:     (916) 978-3430
Email:          mjaime@mathenysears.com

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY DU,<br><br>                            Plaintiff,<br><br> v.<br><br> COSTCO WHOLESALE<br> CORPORATION; COSTCO<br> WAREHOUSE NO. 4640; and DOES 1<br> through 20, inclusive,<br><br>                            Defendant. | Federal Case No.: 2:22-cv-00910-JAM-DB<br> State Case No. 34-2022-00316617<br><br> **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION WITH THE SUPERIOR COURT OF SACRAMENTO COUNTY**<br><br> **[DIVERSITY JURISDICTION]**<br><br> Complaint filed:  March 15, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that on May 26, 2022, Defendant COSTCO WHOLESALE

CORPORATION, named in Case No. 34-2022-00316617, filed its Notice of Removal to the

United States District Court for the Eastern District of California with the Superior Court of the

State of California, County of Sacramento. On May 26, 2022, a copy of this Notice was served via

U.S. mail on counsel for Plaintiff.  A true and correct copy of the state court notice of removal and

the related proof of service to Plaintiff is attached hereto as **Exhibit A.**

Dated: July 18, 2021                              **MATHENY SEARS LINKERT & JAIME LLP**

By: _____
MATTHEW C. JAIME,
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

1

*DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF FILING OF NOTICE OF REMOVAL OF*
*ACTION WITH THE SUPERIOR COURT OF SACRAMENTO COUNTY*

# EXHIBIT A

Superior Court Of California,
Sacramento
05/27/2022
Jhouston
By_____ , Deputy
Case Number:
34-2022-00316817

1  Law Offices of
   **MATHENY SEARS LINKERT & JAIME LLP**
2  MATTHEW C. JAIME (SBN 140340)
   JOSEPH F. OFFENHAUSER (SBN 341362)
3  3638 American River Drive
   Sacramento, California 95864
4  Telephone:    (916) 978-3434
   Facsimile:    (916) 978-3430
5  Email:    mjaime@mathenysears.com

6  Attorneys for Defendant, COSTCO WHOLESALE
   CORPORATION
7

8                SUPERIOR COURT OF CALIFORNIA
                    COUNTY OF SACRAMENTO
9

10  KENNY DU,

11                Plaintiff,                  State Case No. 34-2022-00316617

12       v.                                   **NOTICE OF REMOVAL TO UNITED
                                              STATES DISTRICT COURT, EASTERN
13  COSTCO WHOLESALE CORPORATION,            DISTRICT**
    COSTCO WAREHOUSE NO. 464; and
14  DOES 1 through 20, inclusive,             **[DIVERSITY JURISDICTION]**

15                Defendant.                   Complaint filed:  March 15, 2022

16

17

18      **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF**

19  **AND HIS ATTORNEYS OF RECORD:**

20       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed by

21  Defendant COSTCO WHOLESALE CORPORATION in the United States District Court for the

22  Eastern District of California on May 26, 2022.

23       A copy of the Notice of Removal and supporting documentation filed in the Eastern District

24  Court of California (enclosed as **Exhibit 1**) have been served on Plaintiff, and are fully

25  incorporated herein by reference, thus effecting removal under 28 U.S.C. § 1446(d).

26  ///

27  ///

28  ///

1

*NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT, EASTERN DISTRICT*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   Accordingly, Defendant COSTCO WHOLESALE CORPORATION respectfully requests

2   this Court to proceed no further in this action unless and until such time as the action is remanded

3   by order of the United States District Court referenced above.

4

5   Dated: May ___, 2022                    **MATHENY SEARS LINKERT & JAIME LLP**

6

7                                           By: _____

8                                           MATTHEW C. JAIME,
                                            Attorneys for Defendant COSTCO
                                            WHOLESALE CORPORATION

9

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT, EASTERN DISTRICT*

EXHIBIT 1

*DU v. COSTCO WHOLESALE CORPORATION*
**Sacramento County Superior Court Case No.: 34-2022-00316817**

## PROOF OF SERVICE

I am a United States resident, presently employed in Sacramento County. I am over eighteen (18) years of age. I am not a party to the within-entitled action. My business address is 3638 American River Drive, Sacramento, CA 95864. On this date, I served:

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT, EASTERN DISTRICT

[X]     **BY MAIL.** By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States Post Office mail box at Sacramento, California, addressed as set forth below. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]     **BY PERSONAL SERVICE.** I caused such document(s) to be personally hand delivered on this same date to the person(s) as set forth below.

[ ]     **BY FACSIMILE TRANSMISSION.** I transmitted such document(s) by facsimile machine to the facsimile number for the person(s) as set forth below.

[ ]     **BY ELECTRONIC MAIL:** by sending the attached document via electronic mail to the e-mail addresses set forth below:

[ ]     **BY OVERNIGHT COURIER.** By placing a true copy thereof enclosed in a sealed Federal Express envelope, with the correct fee to be paid, in the correct drop box at Sacramento, California, addressed as set forth below. I am readily familiar with my firm's practice of collection and processing Federal Express for overnight delivery.

| | |
|---|---|
| Nolan R. Jones, Esq.<br>Dreyer Babich Buccola Wood Campora, LLP<br>20 Bicentennial Circle,<br>Sacramento, CA 95826<br>P: (916) 379-3500<br>F: (916) 379-3599<br>Email: njones@dbbwc.com | Counsel for Plaintiff |

I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct.

Executed in Sacramento, California on this 26 th day of May 2022.

Rhonda Ladrido

MATHENY SEARS LINKERT & JAIME, LLP
LAW OFFICES OF
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
JOSEPH F. OFFENHAUSER (SBN 341362)
3638 American River Drive
Sacramento, California 95864
Telephone:  (916) 978-3434
Facsimile:  (916) 978-3430
Email:  mjaime@mathenysears.com

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY DU,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br>COSTCO WAREHOUSE NO. 464; and<br>DOES 1 through 20, inclusive,<br><br>Defendant. | State Case No.: 34-2022-00316817<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint filed:  Mar 15, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION hereby removes the matter Kenny Du v. Costco Wholesale Corporation; Costco Warehouse No. 464; and DOES 1-20 inclusive, from the Superior Court of California, County of Sacramento, Case No. 34-2022-00316817 to the United States District Court for the Eastern District of California, under 28 U.S.C. §§ 1441(b) and 1446(b)(3). Copies of the pleadings and other papers served on the removing defendants in the above-described action are attached to this Notice of Removal as required by 28 U.S.C. § 1446. (See **Exhibits A, B, C, and D**.)

## I.  STATEMENT OF JURISDICTION

1.  As the appended record demonstrates, the action pending in the state court is a civil matter with the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the litigants, and the amount

1

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1    in controversy exceeds $75,000.00.

2         2.    Based upon information and belief, Plaintiff was a California citizen and resident

3    of the County of Sacramento, California on February 1, 2021, the date of the alleged incident;

4    based on information and belief, Plaintiff was a citizen of California and resident of the County of

5    Sacramento, California when he filed the Complaint on March 15, 2022; and based upon

6    information and belief, Plaintiff is a citizen of California and resident of the County of Sacramento,

7    California at the time of filing of this Notice of Removal. (*See* Plaintiff's Complaint, ¶ 2, attached

8    herewith as **Exhibit A.**)

9         3.    Defendant COSTCO WHOLSESALE CORPORATION was on February 1, 2021,

10   the date of the subject incident alleged by Plaintiff, and on March 15, 2022, the filing date of

11   Plaintiff's Complaint, a Washington Corporation with its principal place of business in Issaquah,

12   Washington. At the time of filing this Notice of Removal, Defendant is a Washington Corporation

13   with its principal place of business in Issaquah, Washington.  The purported Defendant COSTCO

14   WAREHOUSE NO. 464 is not a separate legal entity but rather a part of Defendant COSTCO

15   WHOLESALE CORPORATION.

16        4.    Plaintiff claims to have suffered general damages and special damages. (*See*

17   Statement of Damages, attached as **Exhibit B.**)

18        5.    On April 29, 2022, Plaintiff asserted in his Statement of Damages, prepared by his

19   counsel, that he has incurred some $5,120,000.00 in total damages due to the alleged incident at

20   Costco on February 1, 2021. (*See* Statement of Damages, attached as **Exhibit B.**)

21        6.    Thus, because this action involves citizens of different states and the amount in

22   controversy exceeds $75,000, diversity jurisdiction exists.

23   **II.    VENUE**

24        7.    This action was filed in the Superior Court of California for the County of

25   Sacramento. Venue properly lies with the United States District Court for the Eastern District of

26   California as the district and division embracing the geographic locations where the action is

27   pending. (*See* 28 U.S.C. §§ 84(b) 1441(a).) Defendant is a corporation doing business in the

28   County of Sacramento. (Complaint, ¶ 1.) Consequently, the alleged acts and events Plaintiff

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

2

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1  complains of occurred in this judicial district. (28 U.S.C. § 1391(a).)

2  **III.  INTRADISTRICT ASSIGNMENT**

3  8.  Assignment to the United States District Court for the Eastern District in California
4  sitting in Sacramento is proper under 28 U.S.C. §§ 1331 and 1441(a) and Eastern District of
5  California Rule 120(d) because the state court action was filed and is pending in the County of
6  Sacramento and Plaintiff is a citizen of California and the alleged acts and events Plaintiff
7  complains of occurred in Sacramento County.

8  **IV.  PLEADINGS, PROCESS, AND ORDERS**

9  9.  On March 14, 2022, Plaintiff filed a Complaint in Sacramento County Superior
10  Court alleging negligence and premises liability against Defendant COSTCO WHOLESALE
11  CORPORATION. A copy of the Complaint is attached as **Exhibit A**.

12  a.  Plaintiff in his Statement of Damages, based on information and belief,
13  prepared by his counsel, asserted that he has incurred some $5,120,000.00
14  in total damages due to the aforementioned incident at Costco on February
15  1, 2021. A copy of Plaintiff's Statement of Damages was previously
16  attached as **Exhibit B**.

17  b.  On April 12, 2022, Defendant COSTCO WHOLESALE CORPORATION
18  filed an Answer in Sacramento County Superior Court in response to the
19  Complaint. (*See* Defendant's Answer, attached as **Exhibit C**.)

20  **V.  DIVERSITY OF CITIZENSHIP**

21  10.  A corporation is a citizen of its state of incorporation and the state in which its
22  principal place of business is located. (28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, U.S. 77, 80 (2010).)
23  A corporation's principal place of business is ". . . the place where a corporation's officers direct,
24  control, and coordinate the corporation's activities. It is the place that Courts of Appeal have called
25  the corporation's 'nerve center.'" (*Id.* at pp. 92-93.) A corporation's "nerve center" is usually its
26  headquarters. (*Ibid.*)

27  11.  Defendant COSTCO WHOLESALE CORPORATION could ascertain from the
28  face of the Complaint that Plaintiff was a California citizen. (Complaint, ¶ 2.) From the face of the

3

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   Complaint, Defendant could likewise ascertain that Plaintiff was a citizen of the County of

2   Sacramento. (Complaint, ¶ 2.) The Complaint was served on March 22, 2022.

3   12.   On April 29, 2022, Defendant COSTCO WHOLESALE CORPORATION

4   received Plaintiff's Statement of Damages for $5,120,000.00, which exceeds $75,000.00.

5   (Attached hereto as **Exhibit B**.)

6   13.   Defendant COSTCO WHOLESALE CORPORATION was on February 1, 2021,

7   the date of the subject incident alleged in Plaintiff's Complaint, and on March 15, 2022, the filing

8   date of Plaintiff's Complaint, a Washington Corporation with its principal place of business in

9   Issaquah, Washington, and is the only defendant that has been served with summons and complaint

10   in this action.

11   14.   Thus, complete diversity of citizenship exists between the parties as required under

12   28 U.S.C. § 1332(a)(1) because Plaintiff is a California citizen and Defendant COSTCO

13   WHOLESALE CORPORATION is a citizen of Washington.

14   15.   Further, the amount in controversy requirement is satisfied whereas the Statement

15   of Damages is greater than five (5) million dollars, which exceeds $75,000.00.

16   16.   Therefore, with complete diversity of citizenship between opposing parties, and the

17   required amount in controversy exceeded, this matter is removable.

18   **VI.   TIMELINESS OF REMOVAL**

19   17.   A case is removable on diversity grounds if the initial pleading setting forth the

20   claim for relief alleges facts indicating diversity. (28 U.S.C. §§ 1332(a), 1446(b)(1).)

21   18.   The Complaint was served on Defendant COSTCO WHOLESALE

22   CORPORATION on March 22, 2022. (*See* Proof of Service Summons, attached as **Exhibit D**.)

23   The Complaint disclosed Plaintiff's California citizenship, enabling Defendant to ascertain

24   diversity existed. (Complaint, ¶ 2.)  However, the Complaint did not disclose that the amount in

25   controversy exceeded $75,000.00.

26   19.   On April 29, 2022, Defendant COSTCO WHOLESALE CORPORATION

27   received Plaintiff's Statement of Damages that confirmed Plaintiff alleges an amount in

28   controversy in excess of $75,000.00. The Statement of Damages constitutes "other paper" as that

1  term is used 28 U.S.C. 1446 (b)(3). Defendant has until May 29, 2022, to remove the state court

2  matter to federal court.

3      20.    Defendant COSTCO WHOLESALE CORPORATION removed the matter from

4  state to federal court on May 26, 2022.

5      21.    Therefore, Defendant COSTCO WHOLESALE CORPORATION has timely

6  removed this action to the United States District Court for the Eastern District of California.

7  **VII.    NOTICE TO PLAINTIFF AND TO STATE COURT**

8      24.    Witten notice of this filing will be provided to Plaintiff's Counsel of Record and a

9  copy of the Notice of Removal will be filed with the Clerk of the Sacramento County Superior

10  Court.

11  **VIII.    CONCLUSION**

12      25.    For the foregoing reasons, Defendant COSTCO WHOLESALE CORPORATION

13  removes this action to the United States District Court for the Eastern District of California.

14
     Dated: May 26, 2022                    **MATHENY SEARS LINKERT & JAIME LLP**
15

16
                                            By: /s/ Matthew C. Jaime
17                                          MATTHEW C. JAIME,
                                            Attorneys for Defendant COSTCO
18                                          WHOLESALE CORPORATION

19

20

21

22

23

24

25

26

27

28

*LAW OFFICES OF*
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

5

# EXHIBIT A

FILED
Superior Court Of California
Sacramento
03/14/2022
mwhitaker
By_____, Deputy
Case Number:
34-2022-00316817

1  NOLAN R. JONES, ESQ. / SBN: 309151
2  **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
   20 Bicentennial Circle
3  Sacramento, CA 95826
   Telephone:  (916) 379-3500
4  Facsimile:  (916) 379-3599
   DBBWC-ESERVICE@dbbwc.com

5  Attorneys for Plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10

11  KENNY DU,                          Case No.:

12       Plaintiff,                    **COMPLAINT**

13       v.

14  COSTCO WHOLESALE CORPORATION,
    COSTCO WAREHOUSE NO. 464, and DOES 1
15  through 20, inclusive,

16       Defendants.

17  _____

18                    **FIRST CAUSE OF ACTION**

19                    _(Personal Injury: KENNY DU)_

20       Plaintiff KENNY DU complains against Defendants COSTCO WHOLESALE CORPORATION,

    COSTCO WAREHOUSE NO. 464 and DOES 1 through 20 and alleges as follows:

21       1.    The true names and capacities -- whether individual, corporate, associate or

22  otherwise -- of Defendants DOES 1 through 20, are unknown to Plaintiff, who therefore sues such

23  DOES by such fictitious names.  Plaintiff will amend this Complaint to show their true names and

24  capacities when the same have been ascertained.  Each of the Defendants, and DOES 1 through

25  20, are legally responsible in some manner -- negligently, in warranty, strictly, or otherwise -- for

26  the incident that is the subject of this Complaint.

27       2.    Plaintiff is now, and at all times herein mentioned was, a citizen of and resident

28  within the County of Sacramento, State of California.  Plaintiff further alleges that each Defendant

                              -1-
    **Complaint**

1   is a citizen and resident of, or doing business within, the County of Sacramento, and State of

2   California. Defendant COSTCO WHOLESALE CORPORATION is a Washington state incorporated

3   corporation doing business within and throughout the State of California. The amount in

4   controversy is in excess of the minimal jurisdictional limits of this Court.

5       3.    That it is unknown by Plaintiff at this time whether Defendants COSTCO

6   WHOLESALE CORPORATION, COSTCO WAREHOUSE NO. 464 and DOES 1 through 20 are doing

7   business as a partnership, corporation, or other type of entity, and Plaintiff will ask leave to

8   amend this pleading to set forth their true names and capacities when the same have been

9   ascertained.

10       4.    Plaintiff is informed and believes and upon said information and belief alleges that

11   at all times herein mentioned Defendants COSTCO WHOLESALE CORPORATION, COSTCO

12   WAREHOUSE NO. 464 and DOES 1 through 20, and each of them are, and for a long time prior

13   thereto, were owners and/or in possession of the certain premises located at 7981 E Stockton

14   Blvd., Sacramento, California.

15       5.    That Plaintiff is informed and believes and thereon alleges that, at all times herein

16   mentioned, Defendants DOES 1 through 10, and each of them, were acting within the course and

17   scope of employment by Defendants COSTCO WHOLESALE CORPORATION, COSTCO WAREHOUSE

18   NO. 464 and DOES 11 through 20, and each of them.

19       6.    That on or about February 1, 2021, Plaintiff KENNY DU, while legally on the

20   premises as described hereinabove, walking across a foreseeable pedestrian route, slipped and fell

21   from liquid on the concrete at the Costco gas station number 2, causing injury and damages to

22   Plaintiff. The slip-and-fall was caused by a dangerous condition of the premises owned and

23   operated by Defendants and each of them. Plaintiff is informed and believes and thereon alleges

24   that on the day in question, the Defendants, their agents, employees and each of them, created

25   the dangerous condition that led to the slip-and-fall event. Plaintiff also alleges that Defendants

26   and each of them knew or should have known of said dangerous condition. Plaintiff further alleges

27   the dangerous condition existed for a sufficiently long period of time for Defendants to have

28   discovered, removed or remedied it, and Defendants' failure to do so constitutes negligence in

-2-

Complaint

1  Defendant's maintenance of the area where the incident occurred. Plaintiff is informed and

2  believes and thereon alleges that on the day in question, the Defendants, their agents, and each

3  of them, knew or should have known of the improperly maintained area.

4      7.     That at said time and place, Defendants COSTCO WHOLESALE CORPORATION,

5  COSTCO WAREHOUSE NO. 464 and DOES 1 through 20 and each of them, negligently caused,

6  permitted, constructed, managed and maintained, inspected, supervised, etc. said gas station

7  area permitting them to be in a dangerous, defective and hazardous condition in an area allowed

8  for usage of persons lawfully on the premises.

9      8.     As a result of the negligence of Defendants, Plaintiff KENNY DU suffered personal /

10 bodily injuries, resulting in economic and noneconomic damages.  Economic damages include, but

11 are not limited to, (1) past and future medical and/or ancillary related expenses, (2) past and

12 future income and/or earning capacity loss, (3) loss of ability to provide household services, and

13 (4) incidental and consequential damages and/or property damage and loss of use.  Noneconomic

14 damages include, but are not limited to (1) past and future physical and mental suffering, (2) loss

15 of enjoyment of life, (3) physical impairment, (4) inconvenience, (5) anxiety, and (6) emotional

16 distress.

17     Plaintiff KENNY DU prays for judgment against Defendants for:

18     a.     Noneconomic damages in excess of the jurisdictional limit of this Court;

19     b.     All medical and incidental expenses according to proof;

20     c.     All loss of earnings according to proof;

21     d.     Prejudgment interest to the extent permitted by law;

22     e.     All costs of suit; and

23     f.     Such other and further relief as this Court may deem just and proper.

24

25 DATED: March __14__, 2022          DREYER BABICH BUCCOLA WOOD CAMPORA, LLP

26

27                                    By: _____

28                                        NOLAN R. JONES

Complaint

-3-

# EXHIBIT B

1   NOLAN R. JONES, ESQ. / SBN: 309151
    **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
2   20 Bicentennial Circle
    Sacramento, CA 95826
3   Telephone:  (916) 379-3500
    Facsimile:  (916) 379-3599
4   DBBWC-ESERVICE@dbbwc.com

5   Attorneys for Plaintiff

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10

11  KENNY DU,                              Case No.: 34-2022-00316817

12         Plaintiff,                      **PLAINTIFF'S RESPONSES TO REQUEST
                                           FOR STATEMENT OF DAMAGES, SET ONE**
13         v.

14  COSTCO WHOLESALE CORPORATION,
    COSTCO WAREHOUSE NO. 464, and DOES 1
15  through 20, inclusive,

16         Defendants.                     Complaint Filed: March 14, 2022
                                           Trial Date: Not Assigned
17

18      **TO DEFENDANT COSTCO WHOLESALE CORPORATION:**

19      COMES NOW Plaintiff KENNY DU responds to Defendant's Request for Statement of

20  Damages Being Sought by Plaintiff hereto.

21

22  DATED: April 29, 2022              **DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

23

24                                     By:
                                          NOLAN R. JONES
25

26

27

28
                                        **-1-**

    Plaintiff's Responses to Request for
    Statement of Damages, Set One

Case 2:22-at-00529   Document 1   Filed 03/26/22   Page 15 of 23

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| NOLAN R. JONES, ESQ /SBN: 309151 | (916) 379-3500 | |
| | (916) 379-3599 | |
| Dreyer Babich Buccola Wood Campora, LLP | | |
| 20 Bicentennial Circle | | |
| Sacramento, CA 95826 | | |
| ATTORNEY FOR *(Name)*:Plaintiff, KENNY DU | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF:KENNY DU
DEFENDANT:COSTCO WHOLESALE CORPORATION, et al

| STATEMENT OF DAMAGES | CASE NUMBER: |
|---|---|
| (Personal Injury or Wrongful Death) | 34-2022-00316817 |

To *(name of one defendant only)*: COSTCO WHOLESALE CORPORATION
Plaintiff *(name of one plaintiff only)*: KENNY DU
seeks damages in the above-entitled action, as follows:

1. **General damages**                                                                                        AMOUNT

   a. [X] Pain, suffering, and inconvenience..........................................................$ 2,000,000.00

   b. [X] Emotional distress.....................................................................................$ 2,000,000.00

   c. [ ] Loss of consortium.....................................................................................$ _____

   d. [ ] Loss of society and companionship *(wrongful death actions only)* ............$ _____

   e. [ ] Other *(specify)* ........................................................................................$ _____

   f. [ ] Other *(specify)* ........................................................................................$ _____

   g. [ ] Continued on Attachment 1.g.

2. **Special damages**

   a. [X] Medical expenses *(to date)* ....................................................................$ 100,000.00

   b. [X] Future medical expenses *(present value)*.................................................$ 500,000.00

   c. [X] Loss of earnings *(to date)* .......................................................................$ 20,000.00

   d. [X] Loss of future earning capacity *(present value)* .......................................$ 500,000.00

   e. [ ] Property damage........................................................................................$ _____

   f. [ ] Funeral expenses *(wrongful death actions only)*........................................$ _____

   g. [ ] Future contributions *(present value)* *(wrongful death actions only)* ...........$ _____

   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)*...$ _____

   i. [ ] Other *(specify)* ........................................................................................$ _____

   j. [ ] Other *(specify)* ........................................................................................$ _____

   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*   $ _____
   when pursuing a judgment in the suit filed against you.

Date: April 29, 2022

NOLAN R. JONES, ESQ
(TYPE OR PRINT NAME)

▶                                                                  (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

| Form Adopted for Mandatory Use | STATEMENT OF DAMAGES | Code of Civil Procedure, §§ 425.11, 425.115 |
|---|---|---|
| Judicial Council of California | (Personal Injury or Wrongful Death) | www.courtinfo.ca.gov |
| CIV-050 [Rev. January 1, 2007] | | |

CEB® Essential jb Forms
ceb.com

D-DU, KENNY

1

**PROOF OF SERVICE – CCP § 1013, 1013a, 2015.5
and California Rules of Court, Rule 2.306**

2

*Du v. Costco Wholesale Corporation, et. al.*
3   *Sacramento County Superior Case No.: 34-2022-00316817*

4           I, the undersigned, declare that:

5           I am a citizen of the United States and am over the age of eighteen years and not a
party to the within above-entitled action. I am an employee of Dreyer Babich Buccola Wood
6   Campora, LLP and my business address is 20 Bicentennial Circle, Sacramento, CA 95826.

7           On the date below, I served the within document:

8   **PLAINTIFF'S RESPONSES TO REQUEST FOR STATEMENT OF DAMAGES, SET ONE**

9   On the parties in said action addressed as follows:

10  Matthew C. Jaime, Esq.                      Attorneys for Defendant
    MATHENY SEARS LINKERT & JAIME LLP            COSTCO WHOLESALE CORPORATION
11  3638 American River Drive
    Sacramento, CA 95864-5901                    Email: mjaime@mathenysears.com
    Telephone: (916) 978-3434                    cc: rzapardiel@mathenysears.com
12  Facsimile: (916) 978-3430                    rladrido@mathenysears.com

13  ☐   **BY FACSIMILE MACHINE (FAX):** On _____, 20__, at _____ a.m./p.m. by use
        of facsimile machine telephone number (916) 379-3599, I served a true copy of the
14      aforementioned document(s) on the parties in said action by transmitting by facsimile
        machine to the numbers as set forth above.  The facsimile machine I used complied with
15      California Rules of Court, Rule 2.301 and no error was reported by the machine.  Pursuant
        to California Rules of Court, Rule 2.306, I caused the machine to print a transmission
16      record of the transmission, a copy of which is attached to this Declaration.

17  ☐   **BY MAIL:** I am familiar with my employer's practice for the collection and processing of
        correspondence for mailing with the United States Postal Service and that each day's mail
18      is deposited with the United States Postal Service that same day in the ordinary course of
        business.  On the date set forth above, I served the aforementioned document(s) on the
19      parties in said action by placing a true and correct copy thereof enclosed in a sealed
        envelope with postage thereon fully prepaid, for collection and mailing on this date,
20      following ordinary business practices, at Sacramento, CA, addressed as set forth above.

21  ☒   **ONLY BY ELECTRONIC TRANSMISSION:** Only by e-mailing the document(s) to the
        person(s) at the e-mail address(es) listed based on notice provided by the California
22      Judicial Council on April 17, 2020 that, during the Coronavirus (COVID-19) pandemic
        counsel may be unable to send or receive physical mail as usual, and is therefore using
23      electronic mail (California Rules of Court, Appendix 1, Emergency Rule 12.) No electronic
        message or other indication that the transmission was unsuccessful was received within a
24      reasonable time after the transmission.

25          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct, and that this declaration was executed on April 27, 2022, at
26  Sacramento, CA.

27                                             _____
                                                MELISSA EARLS
28

-2-

Proof of Service

# EXHIBIT C

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
3638 American River Drive
Sacramento, California 95864
Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
mjaime@mathenysears.com

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

FILED
Superior Court Of California,
Sacramento
04/12/2022
mwhitaker
By_____ , Deputy
Case Number:
**34-2022-00316817**

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SACRAMENTO

| | |
|---|---|
| KENNY DU,<br><br>        Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE<br>CORPORATION, COSTCO<br>WHAREHOURSE 464 and DOES 1 to 20,<br>inclusive,<br><br>        Defendant. | Case No. 34-2022-00316817<br><br>**ANSWER TO COMPLAINT**<br><br><br>Complaint filed: 3/15/22<br>Trial date: TBD |

Defendant COSTCO WHOLESALE CORPORATION [hereinafter "COSTCO"] hereby

sets forth its Answer and Affirmative Defenses to Plaintiff KENNY DU'S Complaint for Damages

and demands trial by jury.

### I

COSTCO denies each and every, all and singular, generally and specifically, the allegations

in said Complaint, and each and every part thereof; denies that plaintiff has been injured or

damaged in any sum or manner whatsoever as a result of the action or inaction of COSTCO, and

further denies that plaintiff is entitled to any further relief whatsoever from COSTCO.

///

1

*ANSWER TO COMPLAINT*

**II**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO is informed and believes and thereon alleges, that at the time and place of the events described in plaintiff's Complaint, plaintiff was himself, careless, negligent or otherwise legally at fault, and that said carelessness, negligence or other legal fault on the part of plaintiff proximately caused or contributed to, in whole or in part, the injuries, losses and damages complained of, if any there are, by reason of these premises, plaintiff's Complaint is barred, or her recovery is reduced in direct proportion to the amount of contributory or other legal fault.

**III**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO is informed and believes and thereon alleges, that at the time and place of the events described in plaintiff's Complaint, persons and entities as yet unknown to COSTCO were careless, negligent or otherwise legally at fault, and that such conduct proximately caused or contributed to the losses and damages, complained of by plaintiff, if any there are, and that liability should be apportioned among COSTCO and said persons and entities based upon respective percentages of fault.

**IV**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint on file herein, and to each and every cause of action contained therein, COSTCO alleges that in the event plaintiff recovers judgment against COSTCO, said judgment should be apportioned under equitable principles of comparative fault based upon percentages of liability attributable to each defendant or responsible person or entity.

**V**

AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE to plaintiff's Complaint, COSTCO alleges that plaintiff's Complaint fails to state facts sufficient to state a cause of action against COSTCO.

2

*ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHERY SEARS LINKERT & JAIME LLP
3838 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1

## VI

2        **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

3    plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in

4    plaintiff's Complaint, the court lacks personal jurisdiction over COSTCO.

5

## VII

6        **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

7    plaintiff's Complaint, COSTCO alleges that as to each and every cause of action alleged in

8    plaintiff's Complaint, the court lacks subject matter jurisdiction over COSTCO.

9

## VIII

10        **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

11    plaintiff's Complaint, COSTCO alleges that plaintiff lacks capacity to sue for the claims set forth

12    therein.

13

## IX

14        **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

15    plaintiff's Complaint, and to each and every cause of action contained therein, COSTCO alleges

16    that plaintiff, with the exercise of reasonable diligence and effort, would have and could have

17    mitigated the damages alleged in said Complaint, if any there are, and that the resultant damages,

18    if any, complained of in said Complaint were directly and proximately caused by the failure,

19    neglect and refusal of plaintiff to exercise reasonable diligence in an effort to mitigate the damages

20    alleged.

21

## X

22        **AS A FURTHER, SEPARATE, AND DISTINCT ANSWER AND DEFENSE** to

23    plaintiff's Complaint on file herein, and to each and every cause of action contained therein,

24    COSTCO is informed and believes and thereon alleges that the injuries of which plaintiff

25    complains, are the proximate result of the acts, errors or omissions, negligence or other legal fault

26    of parties, codefendants, persons, partnerships, corporations and entities, both named and

27    unnamed. By virtue of the provisions of California Civil Code sections 1431 et seq. (Proposition

28    51, adopted June 3, 1986), COSTCO respectfully requests that damages, if any, be allocated and

*LAW OFFICES OF*
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

1   apportioned amongst all causative factors and that COSTCO be found legally responsible only for

2   COSTCO's determined share of legal fault.

### XI

4   **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

5   plaintiff's Complaint on file herein, COSTCO alleges that plaintiff's Complaint is barred by the

6   applicable statute of limitations set forth in the California Code of Civil Procedure.

### XII

8   **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

9   COSTCO did not have either actual or constructive notice, or had inadequate notice, of the alleged

10   dangerous condition described in the Complaint or that said condition had existed for a sufficient

11   time prior to the accident described in the Complaint for measures to have been reasonably taken

12   to protect against, remedy, or warn of the alleged condition.

### XIII

14   **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

15   at the time of the accident described in the Complaint, COSTCO did not have any care, custody,

16   control, or supervision over the area where said accident allegedly occurred.

### XIV

18   **AS A FURTHER, SEPARATE AND DISTINCT DEFENSE**, it is hereby alleged that

19   the dangerous condition or defects allegedly existing on the premises described in the Complaint,

20   if said condition or defects existed, which is expressly denied, then said condition or defects were

21   or should have been open and obvious to plaintiff, and therefore no warning about said condition

22   or defects was necessary or required.

### XV

24   **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

25   plaintiff's Complaint on file herein, the COSTCO alleges that at the time and place referred to in

26   plaintiff's Complaint, plaintiff voluntarily assumed the risk of injury and damage to himself and

27   that any injury or damage suffered by said plaintiff at said time and place was voluntarily assumed

28   by him.

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

4

*ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XVI**

1

2    **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

3    plaintiff's Complaint on file herein, and to each and every purported cause of action contained

4    therein, COSTCO alleges that the risk of injury created by the alleged condition of property was

5    minor, trivial or insignificant in light of the surrounding circumstances and did not create a

6    substantial risk of injury. Plaintiff is therefore barred entirely from recovery against COSTCO, or

7    alternatively, plaintiff should have the recovery, if any, proportionally reduced.

8    **XVII**

9    **AS A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE** to

10   plaintiff's Complaint on file herein, COSTCO alleges that COSTCO presently has insufficient

11   knowledge and information upon which to form a belief as to whether COSTCO may have

12   additional, as yet unstated, defenses. Accordingly, COSTCO reserves the right to assert additional

13   defenses in the event discovery and investigation reveals a factual and legal basis for such

14   affirmative defenses.

15       WHEREFORE, COSTCO prays:

16       1.    Plaintiff take nothing against it by his Complaint;

17       2.    Defendant has judgment for its costs of suit; and

18       3.    Such other and further relief as the court deems just and proper.

19   Dated: April 12 2022                    **MATHENY SEARS LINKERT & JAIME LLP**

20

21                                    By: _____

22                                        MATTHEW C. JAIME,
                                          Attorneys for Defendant COSTCO
23                                        WHOLESALE CORPORATION

24

25

26

27

28

5

*ANSWER TO COMPLAINT*

**DU v. COSTCO WHOLESALE CORPORATION**
**SACRAMENTO COUNTY CASE NO. 34-2022-00316817**

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Sacramento County. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3638 American River Drive, Sacramento, CA 95864. On this date, I served:

**ANSWER TO COMPLAINT**

[ ] **BY MAIL.** By placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States Post Office mail box at Sacramento, California, addressed as set forth below. I am readily familiar with my firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date of postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE.** I caused such document(s) to be personally hand delivered on this same date to the person(s) as set forth below.

[ ] **BY FACSIMILE TRANSMISSION.** I transmitted such document(s) by facsimile machine to the facsimile number for the person(s) as set forth below.

[xx] **BY ELECTRONIC MAIL:** by sending the attached document via electronic mail to the e-mail addresses set forth below:

[ ] **BY OVERNIGHT COURIER.** By placing a true copy thereof enclosed in a sealed Federal Express envelope, with the correct fee to be paid, in the correct drop box at Sacramento, California, addressed as set forth below. I am readily familiar with my firm's practice of collection and processing Federal Express for overnight delivery.

| | |
|---|---|
| Nolan Jones, Esq.<br>Dreyer, Babich, Buccola, Wood & Campora, LLP<br>20 Bicentennial Circle<br>Sacramento, CA 95826<br><br>Phone: (916) 379-3500<br>Fax: (916) 379-3599<br>Email: dbbwc-eservice@dbbwc.com | Attorney for Plaintiff KENNY DU |

I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct.

Executed this ___ day of April, 2022, at Sacramento, California.

Rhonda Ladrido

6

*ANSWER TO COMPLAINT*

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

# EXHIBIT D

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>NOLAN R JONES ESQ, Bar #309151<br>DREYER, BABICH, BUCCOLA, WOOD & CAMPORA<br>20 BICENTENNIAL CIRCLE<br>SACRAMENTO, CA 95826<br>*Telephone No:* 916-379-3500    *FAX No:* 916-379-3599 | FILED<br>Superior Court of California,<br>Sacramento<br>03/25/2022<br>lbaldwin1<br>By_____ , Deputy<br>Case Number:<br>34-2022-00316817 |

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*

SACRAMENTO COUNTY SUPERIOR COURT

*Plaintiff:* KENNY DU

*Defendant:* COSTCO WHOLESALE CORPORATION

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>34-2022-00316817 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKAGE; PROGRAM CASE NOTICE

3. a. *Party served:*     COSTCO WAREHOUSE NO. 464
   b. *Person served:*     ANDREW SUZA, MANAGER, White, Male, 45 Years Old, Brown Hair, Blue Eyes, 5 Feet 9 Inches, 180 Pounds

4. *Address where the party was served:*     7981 E. STOCKTON BLVD.
   SACRAMENTO, CA 95823

5. *I served the party:*
   b. by substituted service. On: Mon., Mar. 21, 2022 at: 1:10PM by leaving the copies with or in the presence of:
   ANDREW SUZA, MANAGER, White, Male, 45 Years Old, Brown Hair, Blue Eyes, 5 Feet 9 Inches, 180 Pounds
   (1) (Business) a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: COSTCO WAREHOUSE NO. 464
   Other: BUSINESS ORGANIZATION, FORM UNKNOWN.

7. *Person Who Served Papers:*
   a. MICHAEL LYNN HENRY

   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*  $38.00

   e. I am: (3) registered California process server
      *(i)* Independent Contractor
      *(ii)* Registration No.:     2019-24
      *(iii)* County:     Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date:* Mon, Mar. 21, 2022

   Judicial Council Form POS-010          PROOF OF SERVICE                    (MICHAEL LYNN HENRY)          *mrj.419749*
   Rule 2.150.(a)&(b) Rev January 1, 2007          SUMMONS & COMPLAINT

| Attorney or Party without Attorney:<br>NOLAN R JONES ESQ, Bar #309151<br>DREYER, BABICH, BUCCOLA, WOOD & CAMPORA<br>20 BICENTENNIAL CIRCLE<br>SACRAMENTO, CA 95826<br>Telephone No: 916-379-3500        FAX No: 916-379-3599 | | | | For Court Use Only |
|---|---|---|---|---|
| | | Ref. No or File No.: | | |
| Attorney for: Plaintiff | | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>SACRAMENTO COUNTY SUPERIOR COURT | | | | |
| Plaintiff: KENNY DU | | | | |
| Defendant: COSTCO WHOLESALE CORPORATION | | | | |
| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>34-2022-00316817 |

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; ORDER RE: DELAY IN SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKAGE; PROGRAM CASE NOTICE

3. By placing a true copy of each document in the United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

    a. Date of Mailing:          Mon., Mar. 21, 2022
    b. Place of Mailing:       SACRAMENTO, CA 95816
    c. Addressed as follows:   COSTCO WAREHOUSE NO, 464
                         7981 E. STOCKTON BLVD.
                         SACRAMENTO, CA 95823

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Mon., Mar. 21, 2022 in the ordinary course of business.

5. *Person Serving:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. LAURI GREENBERG          d. *The Fee for Service was:*  $38.00
    b. MOE'S PROCESS SERVING, INC.    e. I am: (3) registered California process server
       2300 P STREET                    (i)    Employee
       SACRAMENTO, CA 95816        (ii)  *Registration No.:*    98
    c. 916 498-0808, FAX 916-498-0817     (iii) *County:*         Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Mon., Mar. 21, 2022*

Judicial Council Form POS-010          **PROOF OF SERVICE**      (LAURI GREENBERG)      nrj.419749
Rule 2.150.(a)&(b) Rev January 1, 2007              **By Mail**

RECEIVED
CIVIL DROP BOX

2022 MAR 25   PM 2: 04

GOSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

JS 44 (Rev. 08/16) **CIVIL COVER SHEET**
Case 2:22-cv-00910-JAM Document 1-1 Filed 07/19/22 Page 32 of 35
Case 2:22-at-00529 Document 1-1 Filed 05/26/22 Page 1 of 2

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DU, KENNY M. | COSTCO WHOLESALE CORPORATION |

| (b) County of Residence of First Listed Plaintiff  Sacramento | County of Residence of First Listed Defendant  Issaquah, WA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Dryer, Babich, Buccola, Wood & Campora LLP, Nolan R. Jones (SBN 309151), 20 Bicentennial Cir. Sacramento, CA 95826; (916) 379-3500 | Matheny Sears Linkert & Jaime LLP; Matthew C. Jaime (SBN 140340), 3638 American River Drive, Sacramento, CA 95864; (916) 978-3434 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:<br>28 U.S.C. §§ 1332(a), 1441(b) and 1446(b)(3)<br>Brief description of cause:<br>Civil action between citizens of different states in which amount in controversy exceeds $75,000.00. |
|---|---|

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions:)*  JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE<br>05/25/2022 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Matthew C. Jaime |
|---|---|

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Law Offices of
**MATHENY SEARS LINKERT & JAIME LLP**
MATTHEW C. JAIME (SBN 140340)
JOSEPH F. OFFENHAUSER (SBN 341362)
3638 American River Drive
Sacramento, California 95864
Telephone:    (916) 978-3434
Facsimile:    (916) 978-3430
Email:        mjaime@mathenysears.com

Attorneys for Defendant, COSTCO WHOLESALE
CORPORATION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY DU,<br><br>             Plaintiff,<br><br>   v.<br><br>COSTCO WHOLESALE<br>CORPORATION, COSTCO<br>WHOLESALE STORE NO. 464 and<br>DOES 1 to 20, inclusive,<br><br>             Defendant. | Federal Case No. 22-529<br><br>State Case No. 34-2022-00316617<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S DISCLOSURE STATEMENT**<br><br>Complaint filed:  March 15, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND HIS ATTORNEY(S) OF RECORD:**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant COSTCO WHOLESALE CORPORATION discloses that it is a publicly held corporation and has no parent corporation, nor does any other publicly held corporation own 10% or more of its stock.

Dated:  May 26, 2022                    **MATHENY SEARS LINKERT & JAIME LLP**


By: */s/* Matthew C. Jaime
MATTHEW C. JAIME,
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

1

1  Law Offices of
   **MATHENY SEARS LINKERT & JAIME LLP**
2  MATTHEW C. JAIME (SBN 140340)
   JOSEPH F. OFFENHAUSER (SBN 341362)
3  3638 American River Drive
   Sacramento, California 95864
4  Telephone:     (916) 978-3434
   Facsimile:     (916) 978-3430
5  Email:         mjaime@mathenysears.com

6  Attorneys for Defendant, COSTCO WHOLESALE
   CORPORATION
7

8               UNITED STATES DISTRICT COURT
9               EASTERN DISTRICT OF CALIFORNIA

10

11 KENNY DU,

                                          State Case No. 34-2022-00316617
12        Plaintiff,
                                          **NOTICE TO PLAINTIFF OF REMOVAL
13 v.                                      OF ACTION**

14 COSTCO WHOLESALE                        **[DIVERSITY JURISDICTION]**
   CORPORATION, COSTCO
15 WAREHOUSE NO. 464; and DOES 1           Complaint filed:  March 15, 2022
   through 20, inclusive,
16
          Defendant.
17

18 **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

19        PLEASE TAKE NOTICE that on May 26, 2022, Defendant COSTCO WHOLESALE

20 CORPORATION, filed its Notice of Removal of this action from the Sacramento County Superior

21 Court, State of California, under 28 U.S.C. §§ 1441(b) and 1446(b)(3), with the United States

22 District Court in and for the Eastern District of California.

23 Dated:  May 26, 2022                    **MATHENY SEARS LINKERT & JAIME LLP**

24

25                                         By:*/s/* Matthew C. Jaime
                                              MATTHEW C. JAIME,
26                                            Attorneys for Defendant COSTCO
                                              WHOLESALE CORPORATION
27

28
                                        1
   ─────────────────────────────────────────────────────
              *NOTICE TO PLAINTIFF OF REMOVAL OF ACTION*

LAW OFFICES OF
**MATHENY SEARS LINKERT & JAIME LLP**
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864