UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY DU,<br><br>           Plaintiff,<br><br>      v.<br><br>COSTCO WHOLESALE CORPORATION, ET AL.,<br><br>           Defendant. | No.  2:22-cv-00910-JAM-DB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE AND REMAND** |

Before the Court is Kenny Du's ("Plaintiff" or "Du") motion to consolidate two Sacramento County Superior Court civil cases ("state court actions") with the present Eastern District of California civil case ("federal action") and remand the consolidated case to state court.  Mot. to Consolidate and Remand ("Mot."), ECF No. 14.  For the reasons set forth below, the Court DENIES Plaintiff's Motion to Consolidate and DENIES Plaintiff's Motion to Remand.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 14, 2022, Plaintiff filed a complaint in Sacramento County Superior Court against Costco Wholesale Corporation ("Costco Corp.") and Costco Warehouse No. 464 ("Costco Warehouse") (collectively, "Defendants").  Complaint ("Compl."), Exh. A to Notice of Removal, ECF No. 1.  Plaintiff alleges he slipped and fell from a liquid substance on the concrete at

1

1  Defendants' gas station.  Id.  Plaintiff alleges Defendants
2  negligently maintained the area where the incident occurred.  Id.
3       On May 26, 2022, Defendant Costco Corp. filed a notice of
4  removal, invoking the Court's diversity jurisdiction under
5  28 U.S.C. §§ 1332(a).  Notice of Removal, ECF No. 1.  Defendant
6  Costco Corp.'s grounds for removal included: (1) Plaintiff is a
7  California citizen; (2) Defendant Costco Corp. is a Washington
8  citizen; (3) Defendant Costco Warehouse is not a separate legal
9  entity, but rather a part of Defendant Costco Corp; and
10 (4) Plaintiff is asserting damages in the amount of
11 $5,120,000.00, which is greater than the $75,000 requirement for
12 diversity jurisdiction.  Id.; State Court Statement of Damages,
13 Exh. B to Notice of Removal, ECF No. 1.
14      On June 27, 2022, thirty-two (32) days after Defendant filed
15 its notice of removal, Plaintiff filed a motion to amend his
16 complaint and remand the federal action back to state court.
17 Mot. to Amend and Remand, ECF No.  3.  The Court dismissed the
18 motion on the grounds that Plaintiff failed to comply with the
19 Court's meet and confer requirements.  Minute Order, ECF No. 11.
20 On October 13, 2022, the parties filed a joint status report
21 indicating that Plaintiff would be joining a "Jorge Martinez" as
22 a co-defendant to the present case.  Joint Status Report, ECF
23 No. 12.  The status report anticipated that Plaintiff would file
24 a motion to remand after joining Mr. Martinez, as Mr. Martinez is
25 a California citizen and joining him would destroy the Court's
26 subject matter jurisdiction.  Id.  Plaintiff, however, has not
27 made any attempts to join Mr. Martinez.  Instead, Plaintiff filed
28 a separate action against Mr. Martinez in Sacramento County

Superior Court.  Mot. at 2; Du v. Martinez Compl., Exh. 7 to Mot., ECF No. 14-9.  Plaintiff now seeks to consolidate this state court action against Mr. Martinez with the current federal action.  Mot. at 2.

Plaintiff also seeks to consolidate a second Sacramento County Superior Court case with the two actions.  Id.  This second state court action arises out of an unrelated motor vehicle collision that occurred approximately fourteen (14) months after the Costco slip and fall incident.  Id.; Du v. Aubin Compl., Exh. 5 to Mot., ECF No. 14-7.  Plaintiff alleges the motor vehicle collision exacerbated Plaintiff's injuries from the Costco slip and fall incident.  Mot. at 2.

Plaintiff requests, pursuant to Federal Rules of Civil Procedure Rule 42(a), the Court consolidate all three actions and remand them to state court.  Mot. at 1.  Plaintiff states "[e]ach of these three cases contain common questions of law and fact.  Each of these three cases contain the same Plaintiff and each has claims for injuries to the same part of the body."  Mot.'s Mem. P. & A., ECF No. 14-1 at 4:3-4.  Defendant Costco Corp. filed an opposition.  Opp'n, ECF No. 15.  Plaintiff filed a Reply.  Reply, ECF No. 16.

**II.   OPINION**

A.   Motion to Consolidate

Federal Rules of Civil Procedure Rule 42(a) allows for consolidation of actions before the court involving common questions of law or fact.  Fed. R. Civ. Proc. 42(a).  Under the plain language of Rule 42(a), a district court can only consolidate cases that are already before the court, that is,

3

pending in the same district. Id.; See also Inv'rs Research Co. v. United States Dist. Court for Cent. Dist., 877 F.2d 777 (9th Cir. 1989). Therefore, Rule 42(a) does not provide a means for the Court here to consolidate Plaintiff's actions pending in both federal and state court. See also Xiangyuan Zhu v. Countrywide Realty, 160 F. Supp. 2d 1210, 1227 (D. Kan. 2001).

Plaintiff's two state court actions are not before this Court and Plaintiff has not provided any legal authority that would allow the Court to transfer the state court actions to this federal district. The Court has no mechanism to consolidate the actions. Plaintiff's request to consolidate is DENIED.

B.   Motion to Remand

Plaintiff makes a second request to remand the consolidated cause of action to state court. Mot. at 2:25-26. Plaintiff argues, once consolidated, subject matter jurisdiction is destroyed. Id.

Having denied Plaintiff's Motion to Consolidate, there is no legal basis for this Court to remand the federal action to state court. Plaintiff's request to remand is DENIED.

### III. ORDER

For the reasons set forth above, Plaintiff's Motion to Consolidate and Plaintiff's Motion to Remand are DENIED.

IT IS SO ORDERED.

Dated: November 3, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

4